IN THE COURT OF APPEALS OF TENNESSEE

AT NASHVILLE

FILED

January 21, 1999

Cecil W. Crowson
Appellate Court Clerk

JAMES COLWELL,                    ) C/A No. 01A01-9806-CH-00292
                                  )
        Plaintiff-Appellant,      )
                                  )
                                  )
                                  )
v.                                ) APPEAL AS OF RIGHT FROM THE
                                  ) DAVIDSON COUNTY CHANCERY COURT
                                  )
                                  )
CHARLES TRAUGHBER, CHAIRMAN OF    )
THE TENNESSEE BOARD OF PAROLES,   )
                                  )
                                  ) HONORABLE ELLEN HOBBS LYLE,
        Defendant-Appellee.       ) CHANCELLOR


For Appellant                     For Appellee

JAMES COLWELL                     JOHN KNOX WALKUP
Pro Se                            Attorney General and Reporter
Nashville, Tennessee              Nashville, Tennessee

                                  JOHN R. MILES
                                  Attorney General's Office
                                  Civil Rights and Claims Division
                                  Nashville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                            Susano, J.

This is an action filed by James Colwell seeking a new parole hearing. The plaintiff appealed the trial court's grant of summary judgment to the defendant, Charles Traughber, Chairman of the Tennessee Parole Board. The plaintiff, in his petition for writ of certiorari, asserts that the Tennessee Parole Board ("Board") acted illegally, fraudulently, arbitrarily, and capriciously in denying him parole. The trial court granted the defendant's motion for summary judgment upon finding that the plaintiff had failed to carry his burden of overcoming the properly-supported summary judgment motion of the defendant. On this appeal, plaintiff essentially presents the following question for our review: In granting summary judgment, did the trial court err when it determined that no genuine issue of material fact exists?

I.

The plaintiff is currently serving a 26-year sentence for second degree murder and escape. At the plaintiff's parole hearing in June, 1996, a hearing officer recommended that parole be denied because of the seriousness of the offense and the results of the plaintiff's psychological evaluation. The Board adopted this recommendation. After exhausting his administrative remedies, the plaintiff then filed a petition for writ of certiorari in the trial court.

The plaintiff asserts that the Board acted illegally, fraudulently, arbitrarily, and capriciously in making its decision, by considering three different versions of the Facts of

Offense Report, along with black and white photographs that he claims unfairly depict the crime scene. The plaintiff further contends that the Board abused its discretion by relying on an incorrect criminal history and by preventing him from offering evidence at the hearing.

The plaintiff filed various motions seeking to compel production of documents relating to his original conviction. These motions were denied by the trial court as being outside the scope of the writ of certiorari.[1]

The defendant filed a motion for summary judgment asserting that there are no genuine issues of material fact. He supported his motion with an affidavit of the Custodian of the Records of the Board; the transcript of the June 4, 1996, parole hearing; the Board's office files regarding the plaintiff; and a statement of undisputed facts.

The plaintiff responded to this motion with a motion to dismiss the defendant's motion for summary judgment and/or enter summary judgment in his favor. He did not support his response with any affidavits or additional evidence.

The trial court granted the defendant's motion for summary judgment based on the plaintiff's failure to show that a genuine issue of material fact existed. This appeal followed.

---

[1]This issue is not before us on appeal.

## II.

Our standard of review on a grant of summary judgment is well-settled. "Our inquiry involves purely a question of law; therefore, we review the record without a presumption of correctness to determine whether the absence of genuine issues of material facts entitle the defendant to judgment as a matter of law." *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). *See also McCarley v. West Quality Food Service*, 948 S.W.2d 477 (Tenn. 1997); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Hardesty v. Service Merchandise Co., Inc.*, 953 S.W.2d 678, 684 (Tenn.App. 1997). The moving party -- in this case, the defendant -- has the initial burden of producing competent, material evidence showing that there is no genuine issue as to any material fact. *Byrd*, 847 S.W.2d at 211. This burden may be met by either affirmatively negating an essential element of the nonmoving party's claim or by conclusively establishing an affirmative defense. *Id*. at 215 n.5.

If the moving party successfully negates an essential element of a claim, the nonmoving party must then establish that there are disputed material facts creating genuine issues that must be resolved by the trier of fact. *Id*. at 215. The nonmoving party cannot rely on his pleadings to overcome a properly-supported motion for summary judgment. *Id.; Robinson*, 952 S.W.2d at 426; *McCarley*, 948 S.W.2d at 478-79; Rule 56.06, Tenn.R.Civ.P. The nonmoving party may contradict the factual

predicate of the motion by presenting competent and admissible material evidence by:

> (1) pointing to evidence overlooked or ignored by the moving party that establishes a material factual dispute, (2) by rehabilitating the evidence attacked in the moving party's papers, (3) by producing additional evidence showing the existence of a genuine issue for trial, or (4) submitting an affidavit explaining why further discovery is necessary as provided for in Tenn.R.Civ.P., Rule 56.06.

*Robinson*, 952 S.W.2d at 426 n.4; *McCarley*, 948 S.W.2d at 479; *Byrd*, 847 S.W.2d at 215 n.6. In addition, the evidence must be viewed by the court in the light most favorable to the nonmoving party, and all inferences must be drawn in favor of the nonmoving party. *Byrd*, 847 S.W.2d at 210-211. Summary judgment should be granted only when the facts and conclusions permit a reasonable person to reach only one ultimate conclusion -- that the moving party is entitled to a judgment as a matter of law. *Robinson*, 952 S.W.2d at 426; *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

III.

The transcript of the parole hearing -- a supporting document to the defendant's motion for summary judgment -- negates the plaintiff's claim that the Board acted illegally, fraudulently, arbitrarily, and capriciously. The transcript establishes that the plaintiff was afforded an opportunity to present evidence at the parole hearing. Further, the transcript

6

reveals that the black and white photographs were not critical to the Board's decision to deny parole. The one piece of information cited by the plaintiff as being prejudicial to him[2] was specifically rejected by the hearing officer, and there is no evidence in the transcript that the Board relied on invalid convictions in making its decision to deny parole.[3] It is clear from the transcript that the decision by the Board to deny parole was based on the seriousness of the offense and the plaintiff's psychological report.

The record establishes that the defendant has satisfied his burden of affirmatively negating essential elements of the plaintiff's claims, thus triggering the plaintiff's burden to produce countervailing evidence. See *McCarley*, 948 S.W.2d at 479.

In reviewing the plaintiff's response to the motion for summary judgment, we note that he failed to carry his burden under *Byrd*. He relied solely upon his pleadings and did not point to any evidence to establish that there are material factual disputes; nor has the plaintiff rehabilitated the facts attacked by the defendant or provided additional evidence establishing the existence of genuine issues for trial. In short, the plaintiff has failed to carry his burden under Rule 56.06, Tenn.R.Civ.P.

---

[2] The plaintiff claims that the Facts of Offense Report states that he used a weapon in the commission of the crime.

[3] The trial court, in denying plaintiff's motion for a new hearing, found that the Board made its decision without being aware of any problems with the Facts of Offense Report or invalid convictions.

IV.

For the foregoing reasons, we conclude that the defendant has demonstrated that there are no genuine issues of material fact, and, further, that he is entitled to a judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed. This case is remanded to the court below for the collection of costs assessed there. The costs of this appeal are taxed against the appellant.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

9